PER CURIAM.
 

 Pleasant Woods Associates Limited Partnership, whose only substantial asset is a 220-unit apartment complex in Little Rock, Arkansas, filed a voluntary petition for protection under Chapter 11 of the Bankruptcy Code in January 1990 and a proposed plan of reorganization in June 1991. Simmons First National Bank, one of debtor’s two largest creditors, timely objected to confirmation of the plan, arguing lack of good faith, lack of feasibility, inequitable treatment of creditors, and negative amortization.
 

 Following a hearing, the bankruptcy court
 
 [1]
 
 concluded (i) that the proposed plan is not feasible without a capital contribution or subordinated loan of $240,000 “because there is no margin of error contained in the debt- or’s financial projections” and no cash reserve to protect against a shortfall; and (ii)
 
 *838
 
 that the plan is not proposed in good faith because of the inadequate cash reserve and the absence of an unqualified legal opinion that certain tax exempt bonds to be reissued pursuant to the plan will retain their tax exempt status. The court’s fifty-two page Memorandum Opinion stated that it would approve an amended plan that included a capital contribution or post-petition financing of $240,000 and the specified legal opinion. The court concluded:
 

 The Court finds that the debtor’s present plan of reorganization based on the evidence is not confirmable under 11 U.S.C. § 1129(a)(3) and (a)(ll) of the Bankruptcy Code.
 

 In the event that the debtor complies with the provisions of this Memorandum Opinion, the Court will enter an Order approving the amended plan based on the evidence received at the July 25,1991 confirmation hearing.
 

 Pleasant Woods appealed and the district court
 
 [2]
 
 affirmed, concluding that the bankruptcy court’s findings of fact are not clearly erroneous and its legal conclusions are correct.
 

 On appeal to this court, Pleasant Woods challenges as clearly erroneous the bankrupt cy court’s finding that the proposed plan contains no adequate margin of error, and argues that the court erred in concluding that the plan is not feasible and was not proposed in good faith. We do not reach any of these issues. In
 
 Lewis v. United States,
 
 992 F.2d 767, 772 (8th Cir.1993), a Chapter 13 case, we held that a bankruptcy court order that “neither confirms a plan nor dismisses the underlying petition, is not final.” We have applied the same finality principle to a Chapter 11 proceeding.
 
 See Travelers Ins. Co. v. KCC-Leawood Corporate Manor I,
 
 908 F.2d 343 (8th Cir.1990).
 

 Unlike the district court, our jurisdiction in bankruptcy cases is limited to appeals from final orders.
 
 Compare
 
 28 U.S.C. § 158(a),
 
 with
 
 28 U.S.C. § 158(d). In this case, as in
 
 Leíais,
 
 the bankruptcy court has remaining tasks that are not purely mechanical or ministerial, such as considering any amended plan that may be proposed, or determining how to dispose of the case if no confirmable amended plan is proposed. “Therefore, even under a liberal finality standard, the bankruptcy court has not sufficiently resolved the issue to allow the district court to simply affirm the decision and pass the case along to this court for appellate review.”
 
 Lewis,
 
 992 F.2d at 773.
 

 We note that, while many Chapter 11 debtors might prefer to appeal confirmation denial orders immediately, our decision in this case avoids time-consuming piecemeal appeals during the confirmation process without depriving parties of effective appellate review. “[T]he rejection of debtors’ proposed plan may yet be considered on appeal from a final judgment either confirming an alternative plan, or dismissing the underlying petition or proceeding.”
 
 In re Simons,
 
 908 F.2d 643, 645 (10th Cir.1990), citing
 
 Hanson v. First Bank of South Dakota,
 
 828 F.2d 1310, 1311-12 (8th Cir.1987), and other cases.
 

 Accordingly, we dismiss this appeal for lack of jurisdiction. The case is remanded to the district court with instructions to remand to the bankruptcy court for further proceedings.
 

 [1]
 

 . The HONORABLE ROBERT F. FUSSELL, United States Bankruptcy Judge for the Eastern District of Arkansas.
 

 [2]
 

 . The HONORABLE HENRY WOODS, United States District Judge for the Eastern District of Arkansas.