**In re Holly FLOR and Rudolph Mangels, Debtors.**

**Holly FLOR and Rudolph Mangels, Debtors–Appellants,**

v.

**BOT FINANCIAL CORP., Creditor–Appellee.**

No. 448, Docket 95–5023.

United States Court of Appeals, Second Circuit.

Argued Dec. 19, 1995.

Decided March 21, 1996.

Ira B. Charmoy, Bridgeport, Connecticut (Charmoy & Nugent, L.L.C., Bridgeport, Connecticut), for Debtors–Appellants.

M.O. Sigal, Jr., Simpson Thacher & Bartlett, New York City (John J. Kenney, Nancy L. Swift, of counsel), Amicus Curiae.

Before FEINBERG, WALKER, and CALABRESI, Circuit Judges.

PER CURIAM:

Debtors Holly Flor and Rudolph Mangels ("Debtors") appeal from a March 24, 1995 decision of the United States District Court for the District of Connecticut (Alfred V. Covello, *Judge*) affirming a May 4, 1994 order of the bankruptcy court (Robert L. Krechevsky, *Chief Bankruptcy Judge*) denying confirmation of Debtors' Seventh Amended Plan of reorganization pursuant to Chapter 11 of the Bankruptcy Code. Debtors implore this court to consider a question of first impression in this circuit: whether debtors may voluntarily contribute a portion of their wages to the funding of a Chapter 11 plan. Although Debtors present an inter-

esting question, the procedural posture of this matter requires us to dismiss the appeal for lack of jurisdiction.

■ Where, as here, a district court has ruled on a bankruptcy matter as an appellate court pursuant to 28 U.S.C. § 158(a), this court has jurisdiction to review the district court's decision if the appeal meets the requirements of either 28 U.S.C. § 158(d) or 28 U.S.C. § 1292. *See Connecticut Nat'l Bank v. Germain,* 503 U.S. 249, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992). Section 158(d) provides, in pertinent part, that "[t]he courts of appeals shall have jurisdiction of appeals from all final decisions, judgments, orders, and decrees." Thus, while a district court has jurisdiction to hear bankruptcy appeals not only from orders that are final, but also from orders that are nonfinal if taken "with leave of" the district court, *see* 28 U.S.C. § 158(a)(3), section 158(d) confers appellate jurisdiction in this court only over "final" district court orders. For purposes of § 158(d), a determination of the district court is not "final" unless the underlying order of the bankruptcy court is final. *In re Fugazy Express, Inc.,* 982 F.2d 769, 775 (2d Cir. 1992).

■ For purposes of appeal to this court, the concept of "finality" is more flexible in the bankruptcy context than in ordinary civil litigation. *In re Prudential Lines, Inc.,* 59 F.3d 327, 331 (2d Cir.1995). Immediate appeal is allowed of orders in bankruptcy matters that "finally dispose of discrete disputes within the larger case." *In re Sonnax Indus.,* 907 F.2d 1280, 1283 (2d Cir.1990) (emphasis, quotation, and citation omitted). The resolution of a "dispute" does not simply refer to the determination of a separable issue. Rather, a "dispute" in this context means at least an entire claim for which relief may be granted. *Fugazy,* 982 F.2d at 775. Therefore, the district court's order denying confirmation of Debtors' proposed plan is not a final decision unless it necessarily resolves all of the issues pertaining to a discrete claim.

■ Because the bankruptcy judge in this case neither dismissed the petition nor converted Debtors' petition to a Chapter 7 peti-

tion, the district court's order was not final. *See Maiorino v. Branford Sav. Bank,* 691 F.2d 89, 91 (2d Cir.1982) (denial of confirmation of Chapter 13 plan not "final" order); *see also In re Pleasant Woods Assoc. Ltd. Partnership,* 2 F.3d 837 (8th Cir.1993) (per curiam) (dismissing appeal from denial of confirmation of Chapter 11 plan); *In re MCorp Financial, Inc.,* 139 B.R. 820 (S.D.Tex.1992) (same). That Debtors are free to propose an alternate plan demonstrates that all of the issues are not finally resolved.

Debtors argue that courts in other circuits have held that a district court order affirming a bankruptcy court's denial of a Chapter 11 plan of confirmation is final for § 158(d) purposes, citing *In re Blankemeyer,* 861 F.2d 192, 193 (8th Cir.1988) (per curiam); *In re Hardy,* 755 F.2d 75, 76 (6th Cir.1985); and *In re Foster,* 670 F.2d 478 (5th Cir.1982). Those decisions reached the merits, but they neither addressed the issue of finality nor mentioned § 158(d). Because we believe that our reasoning in *Maiorino,* a chapter 13 case, applies with comparable force in this Chapter 11 case, we conclude that denial of confirmation of a Chapter 11 plan is nonfinal.

In the alternative, Debtors maintain that they cannot fund a feasible plan without a contribution from their wages and argue that the bankruptcy court "effectively dismissed" their petition. Nothing in the record supports their contention that the order is ripe for review, however, and we cannot reasonably conclude that it is. At this juncture, we cannot rule out the possibility that an alternate plan may be confirmed, at which time Debtors may appeal. Ultimately, if Debtors are unable to propose a viable plan and the bankruptcy court either dismisses the petition or orders conversion to Chapter 7, the decision may be appealed at that time. *In re Simons,* 908 F.2d 643, 645 (10th Cir.1990) (per curiam); *see* 11 U.S.C. § 1112(b)(2). For the above reasons, we cannot exercise jurisdiction under § 158(d).

■ Of course, even in the absence of a final order, it is possible, in limited circumstances, for a circuit court to review an interlocutory order of a district court. 28 U.S.C. § 1292(b) provides for discretionary appel-

late review of interlocutory decisions of the district court upon certification by the district court. *In re Doe,* 546 F.2d 498, 501 (2d Cir.1976). In this case, however, Debtors concede that this condition has not been met, because they failed to request certification by the district judge. Therefore, we cannot exercise appellate jurisdiction pursuant to 28 U.S.C. § 1292(b).

■ In rare instances, a court of appeals may hear an interlocutory appeal in the absence of a § 1292(b) certification. *See Hewitt v. Joyce Beverages of Wis., Inc.,* 721 F.2d 625, 627 n. 1 (7th Cir.1983); 9 James W. Moore et al., *Moore's Federal Practice* ¶ 110.22[3], at 279 (2d ed.1995). This case does not present such an instance, however, and we decline to entertain this appeal where Debtors have not received a § 1292(b) certification from the district court. *See Leasco Data Processing Equip. Corp. v. Maxwell,* 468 F.2d 1326, 1344 (2d Cir.1972). Accordingly, we dismiss the appeal for want of appellate jurisdiction. We note that nothing in this decision prevents the district court from considering whether to certify the order in question pursuant to § 1292(b) upon a finding that "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). As we have repeatedly cautioned, however, use of this certification procedure should be strictly limited because "only 'exceptional circumstances [will] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" *Klinghoffer v. S.N.C. Achille Lauro,* 921 F.2d 21, 25 (2d Cir.1990) (quoting *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 475, 98 S.Ct. 2454, 2461, 57 L.Ed.2d 351 (1978)); *see Westwood Pharmaceuticals, Inc. v. National Fuel Gas Distrib. Corp.,* 964 F.2d 85, 89 (2d Cir.1992) (district courts must use "great care" in making a § 1292(b) certification).

■ The issue Debtors would like to have resolved is whether the district court erred in its holding that individual debtors may not contribute a portion of their wages to fund a reorganization plan under Chapter 11. This issue arises in the wake of *Toibb v. Radloff,* 501 U.S. 157, 161, 111 S.Ct. 2197, 2199–2200, 115 L.Ed.2d 145 (1991), in which the Supreme Court held that the Bankruptcy Code permits individual debtors not engaged in business to file for relief under Chapter 11. In leaving the consideration of whether to certify this question pursuant to § 1292(b) to the district court, we note that the mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion. *See, e.g., FDIC v. First Nat'l Bank of Waukesha, Wis.,* 604 F.Supp. 616, 622 (E.D.Wis.1985); *Max Daetwyler Corp. v. Meyer,* 575 F.Supp. 280, 283 (E.D.Pa.1983). Rather, "[i]t is the duty of the district judge ... to analyze the strength of the arguments in opposition to the challenged ruling when deciding whether the issue for appeal is truly one on which there is a *substantial* ground for dispute." *Id.* at 283.

As a final note, we express our appreciation to Simpson, Thacher & Bartlett, whose attorneys, acting *pro bono,* filed an amicus brief at the request of the court. We fully recognize the firm's significant expenditure of time and effort in assisting the court in this matter. Although it is under no obligation to do so, should it wish to continue in the case, we believe that its participation would be similarly invaluable to the district and bankruptcy courts in expediting the case's ultimate disposition.

The appeal is dismissed.