### In re WASTE CONVERSION TECHNOLOGIES, INC., Debtor.

Civil No. 3:96cv1385(JBA).

United States District Court, D. Connecticut.

Jan. 24, 1997.

---

Matthew K. Beatman, Zeisler & Zeisler, P.C., Bridgeport, CT, for appellant.

G. Eric Brunstad, Jr., Hebb & Gitlin, A Professional Corp., Hartford, CT, for appellee.

Patricia Beary, U.S. Trustee, New Haven, CT.

## RULING ON APPEAL AND PENDING MOTIONS

ARTERTON, District Judge.

Orix Credit Alliance, Inc. ("Orix") appeals from both the Bankruptcy Court's oral ruling sustaining the objection of the U.S. Trustee and denying Orix automatic perfection of its adequate protection replacement liens granted pursuant to the court's Fifth Order Authorizing Use of Cash Collateral and Granting Adequate Protection ("Fifth Order"), and from the Bankruptcy Court's oral ruling denying Orix's Motion to Reconsider. Resolution of this appeal requires examination of the potential conflict between the adequate protection of lien interests guaranteed to a secured creditor by the Bankruptcy Code, and the notice interests of post-petition third parties who later transact business with the debtor.

## BACKGROUND

Waste Conversion Technology, Inc. ("Debtor"), filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor operated a waste conversion and processing plant prior to its bankruptcy filing, and has continued that operation as a debtor-in-possession. As of the petition date, Waste Conversion was indebted to Orix in the amount of $1,022,592.90, which debt is secured by a first priority lien on, among other things, all of the debtor's cash, accounts receivable, inventory, equipment, contracts, and general intangibles. Other creditors also claim liens on, and in,

various items of Waste Conversion's real and personal property to secure payment of various debts owed to them.

Pursuant to the Bankruptcy Code, the Bankruptcy Court entered four emergency "Cash Collateral Orders" authorizing the debtor to use cash in which Orix and other creditors claimed a security interest. The orders granted adequate protection to the interests of the secured lenders in exchange for Waste Conversion's use of their cash collateral by granting a replacement lien on and in certain property of the Debtor's bankruptcy estate, including cash, inventory, accounts receivable, equipment, real property, and titled motor vehicles. Each of the Cash Collateral orders specifically provided for the automatic perfection of the replacement liens, requiring no filing, recording or other act to create or perfect these liens.

In the Fifth Cash Collateral Order granted by the Bankruptcy Court, Orix and the other secured lenders were likewise granted adequate protection replacement liens on the collateral. Additionally, the proposed order submitted to the Bankruptcy Court also provided for the same automatic perfection of Orix's replacement liens. However, at the hearing on the Fifth Cash Collateral Order, the Assistant U.S. Trustee objected to the automatic perfection provision, although the U.S. Trustee had not objected to this provision in any of the four previous Cash Collateral Orders. The Bankruptcy Court sustained the objection and denied Orix automatic perfection of its replacement liens.

After commencement of this appeal, the U.S. Trustee for the District of Connecticut filed its "Notice of United States Trustee's Position" [DOC. 11] in which it represented:

the United States Trustee having revisited this issue with counsel for Orix Credit Alliance, Inc., the secured lender and appellant herein, and on reconsideration of the facts, law and circumstances of the instant case, the United States Trustee has determined not to oppose the appeal in this case.

Thus, the U.S. Trustee has not filed any briefing in opposition to Orix's claim on appeal.

Notwithstanding the U.S. Trustee's changed position, at oral argument both the Debtor and Orix urged this Court to decide the merits of Orix's appeal because the Bankruptcy Court had indicated that it rejected the automatic perfection language regardless of the U.S. Trustee's position. (Tr. 5/15/96 hearing at 6).

Having addressed the merits of Orix's appeal, this Court concludes that the statutory mandate of providing adequate replacement lien protection to secured creditors should have been given precedence over the notice interests of subsequent creditors, and that Orix's statutory right should have been effectuated by granting automatic perfection, not by requiring perfection via unspecified action under state law.

## JURISDICTION

■ Appellant contends that the Bankruptcy Court's ruling denying automatic perfection of its adequate protection replacement liens is a final order within the meaning of 28 U.S.C. § 158(a). Section 158(a) provides in relevant part:

The district courts of the United States shall have jurisdiction to hear appeals

(1) from final judgments, orders, and decrees;

(2) from interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title; and

(3) with leave of court, from other interlocutory orders and decrees;

The Second Circuit has articulated a flexible standard for "finality" in the bankruptcy context: "[B]ecause bankruptcy proceedings often continue for long periods of time, and discrete claims are often resolved at various times over the course of the proceedings, the concept of finality that has developed in bankruptcy matters is more flexible than in ordinary civil litigation." *In re Chateaugay Corp.*, 880 F.2d 1509, 1511 (2d Cir.1989). The Second Circuit has "recognized that Congress intended to allow for immediate appeal in bankruptcy cases of orders that

'finally dispose of discrete disputes within the larger case.' " *In re Sonnax Industries,* 907 F.2d 1280, 1283 (2d Cir.1990) (citations and emphasis omitted); *In re Flor,* 79 F.3d 281, 283 (2d Cir.1996). Further, the resolution of a dispute does not simply refer to the determination of a separable issue, but rather refers to at least an entire claim for which relief may be granted. *Flor,* 79 F.3d at 283.

In sustaining the U.S. Trustee's objection and denying reconsideration, the Bankruptcy Court resolved and disposed of the automatic perfection issue, denying Orix the adequate protection which was purportedly ordered by the Fifth Order. The Court therefore concludes that the Bankruptcy Court's rulings are final orders which conclusively determined this discrete dispute within the larger bankruptcy case. Accordingly, appellant's motions for leave to appeal [DOCS. 5 and 6] are granted under 28 U.S.C. § 158(a)(1).

## STANDARD OF REVIEW

█ The standard of review as to the legal conclusions of a bankruptcy court is *de novo. In re Manville Forest Products Corp.,* 896 F.2d 1384, 1388 (2d Cir.1990). However, findings of fact by a bankruptcy court are subject to review pursuant to a "clearly erroneous" standard. *Id.* In balancing the competing legal considerations of notice to potential third parties transacting business with the Debtor, and the fundamental right of adequate protection afforded secured creditors where the debtor seeks to use that creditor's collateral, the Bankruptcy Court balanced competing legal considerations, and thus its conclusions are reviewed *de novo.*

## ANALYSIS

█ Appellant argues that the Bankruptcy Court's refusal to permit automatic perfection of Orix's replacement liens undermines the mandate of adequate protection and jeopardizes its secured interest in the Debtor's collateral. Orix contends that unless its replacement liens are automatically perfected, its interest as a secured creditor is not adequately protected because a subsequent lienholder may establish a superior perfected interest in the same collateral.

A full analysis of appellant's contentions begins with the bankruptcy doctrine of adequate protection, codified at 11 U.S.C. § 363(e):

> Notwithstanding any other provision of this section, at any time, on request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold, or leased, by the trustee, the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest.

Thus, "[a]t the secured creditor's insistence, the bankruptcy court must place such limits or conditions on the trustee's power to sell, use, or lease property as are necessary to protect the creditor. The creditor with a secured interest in property included in the estate must look to this provision for protection, rather than to the nonbankruptcy remedy of possession." *United States v. Whiting Pools,* 462 U.S. 198, 204, 103 S.Ct. 2309, 2313, 76 L.Ed.2d 515 (1983). In short, adequate protection is recognized as a fundamental right afforded secured creditors in bankruptcy proceedings.

█ Because a secured creditor is deprived of its secured interest in a debtor-in-possession's collateral when that debtor seeks to use this collateral to maintain an ongoing business, the adequate protection afforded by the bankruptcy court must be "completely compensatory." *In re Murel Holding Corporation,* 75 F.2d 941, 942 (2d Cir.1935). Thus, there is no reason to divest the secured creditor of its interest, unless the adequate protection provided is "a substitute of the most indubitable equivalence." *Id.*

█ Further, the bankruptcy court may create a perfected lien by "judgment, levy, sequestration, or other legal or equitable process or proceeding." 11 U.S.C. § 101(36). A perfected lien against the debtor's collateral, granted to a secured creditor in a consensual order, is a judicial lien contemplated by § 101(36). *Small v. Beverly Bank,* 936 F.2d 945, 948 (7th Cir.1991).

In *Small,* the bankruptcy court granted an adequate protection replacement lien to Beverly Bank, a secured creditor, to replace the

Bank's perfected lien on the cash collateral used by the debtor during the Chapter 11 bankruptcy proceeding. By its terms, the cash collateral order provided that the replacement liens were automatically perfected, thus giving the creditor a post-petition priority lien on the debtor's assets. *Id.* A subsequent creditor contended that the Bank's lien did not have priority status because it had failed to follow the necessary steps for perfection prescribed by state law. *Id.* Rejecting the subsequent creditor's challenge, the Seventh Circuit held the lien obtained from the bankruptcy court was properly perfected, noting that:

> the import of these provisions is clear: the Bankruptcy Code offers substantial protection to a lender willing to take the risk of extending credit to a trustee or debtor-in-possession. With this statutory protection in mind, the bankruptcy court granted the Bank a perfected lien with superpriority status as quid pro quo for allowing [the debtor] to keep operating with the cash collateral that secured its loan from the Bank.

*Id.* at 948–949.

In the context of the Fifth Order, the Court concludes that granting Orix an unperfected replacement lien in lieu of the perfected lien it originally held is not the "complete compensation" required by the adequate protection doctrine, *see In re Murel Holding Corp.,* 75 F.2d at 942, because an unperfected lien is not the indubitable equivalent of a perfected one. Indeed, Orix's unperfected lien will be exposed to subjugation by a subsequent creditor who perfects its lien. This result is not intended by the adequate protection provision of the Bankruptcy Code under which Orix agrees to allow the Debtor use of the collateral in which it has a security interest. *See* 11 U.S.C. § 363(e).

The question then arises whether feasible alternatives to automatic perfection exist, such as Orix's perfection of its replacement liens via traditional state law mechanisms. Appellant argues that because adequate protection replacement liens are judicial liens, they are beyond the scope of traditional state law perfection mechanisms, such as Article Nine of the Uniform Commercial Code. *See*

Conn.Gen.Stat. §§ 42a–9–104(c), (h) (excluding statutory and judicial liens from the scope of Article Nine). Further, Orix maintains that because Article Nine does not include real property in its ambit, to the extent a consensual cash collateral order includes real property, the additional step of creating mortgages on various parcels of real property is required.

Appellant also asserts that denying automatic perfection here frustrates the Bankruptcy Code's chief purpose of prompt and effective administration and settlement of bankruptcy estates. *See Katchen v. Landy,* 382 U.S. 323, 328–329, 86 S.Ct. 467, 472–73, 15 L.Ed.2d 391 (1966). Orix charges that denial of automatic perfection in this Chapter 11 proceeding will necessitate Orix's expenditure of additional funds in an attempt to perfect the adequate protection replacement liens in each of the many ·cash collateral orders typical in such a reorganization case— even though those efforts, as discussed above, may be futile.

The Court recognizes that, instead, a judicially created and perfected replacement lien would apply to each type of collateral in which Orix has a secured interest, obviating the need for the secured creditor to prepare mortgages reflecting the multiple replacement liens ordered during the life of the bankruptcy proceedings. Thus, the secured creditor, and ultimately the Debtor, would be saved further expenditure of funds and time, promoting the efficient and effective administration of the Debtor's estate as contemplated by the Bankruptcy Code.

Additionally, as Orix argues, denial of automatic perfection of the judicial lien will prompt hesitation by secured creditors to consent to the cash collateral orders necessary for the debtor-in-possession to continue operations—those orders generally being consensual between the secured creditor and the debtor. Where the secured creditor fears that its security interest in cash or other collateral may be inadequately protected, it is likely to balk at allowing the debtor to use the collateral subject to such an order. The probable result will be protracted litigation to obtain use of the collateral over the secured creditor's objection, with concomi-

tant costs and delay in derogation of Bankruptcy Code policy. However, the automatic perfection of replacement liens, in addition to providing the adequate protection mandated by the Bankruptcy Code, will promote the consensual formation of cash collateral orders in this case, saving both judicial and party resources.

The countervailing concern, expressed by the Bankruptcy Court at its hearing on the Fifth Order, (Tr. 5/15/96 hearing at 37), is the potential lack of notice to third parties that a perfected lien exists in favor of the secured creditor since that perfected lien is not recorded in the typical places, e.g. the Secretary of the State's Office, the land records, and the Department of Motor Vehicles. Thus, third parties may suffer possible prejudice when they extend credit to a debtor, which they secure by liens against the same collateral as that upon which a secured bankruptcy creditor has previously obtained a perfected judicial lien.

As a threshold matter, the automatic stay provisions applicable to Chapter 7 and 11 proceedings bar a third party from placing a lien against the debtor estate's collateral during the bankruptcy proceedings. *See* 11 U.S.C. § 362(a)(1). Thus, any notice problem exists only after the bankruptcy case is dismissed, and the stay provisions are no longer in effect. However, even in the limited instance in which the bankruptcy case is dismissed and the perfected lien continues in effect, any reasonable creditor investigating the debtor's creditworthiness will become aware of the debtor's prior bankruptcy, and thus can determine from the court record the existence of any judicial liens which may have been granted to bankruptcy creditors. Moreover, nothing limits the bankruptcy court, as a condition of dismissal, from requiring secured bankruptcy creditors to take steps to insure that notice of such lien is recorded in an appropriate place, such as requiring creditors to file a copy of the order with the Secretary of the State. *See Thompson v. Magnolia Co.*, 309 U.S. 478, 483, 60 S.Ct. 628, 630, 84 L.Ed. 876 (1939) (holding that "[a] court of bankruptcy has an exclusive and nondelegable control over the administration of an estate in its possession.").

Therefore, in light of the purpose of the adequate protection mandate, the limited possibility of lack of notice to third parties, the transactional costs imposed on both Orix and the Debtor absent automatic perfection of these adequate replacement liens, as well as the Bankruptcy Code's primary goal of efficient administration of debtors' estates, the Court concludes that it was error to deny Orix automatic perfection of its adequate protection replacement lien under the Fifth Order.

Accordingly, the ruling of the Bankruptcy Court denying Orix automatic perfection of its adequate replacement lien under the Fifth Order is REVERSED. The case is remanded for further proceedings consistent with this ruling.

IT IS SO ORDERED.