107 F.3d 2
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Josefina Del Valle HERNANDEZ, Plaintiff-Appellant,
v.
The NEW YORK CITY LAW DEPARTMENT CORPORATION COUNSEL, City
of New York, Bonnie Bornstein, Allyson Piscitelli,
Eugene Borenstein, Edward I. Lieberman
and Felicia Dunn-Jones,
Defendants-Appellees.
 No. 96-7764.
 United States Court of Appeals, Second Circuit.
 Jan. 28, 1997.
 
 1
 Appearing for Appellant: Josefina Del Valle Hernandez pro se, Bronx, N.Y.
 
 
 2
 Appearing for Appellees: Janet L. Zaleon, Ass't NYC Corporation Counsel, N.Y., N.Y.
 
 
 3
 Present Hon. Amalya L. KEARSE, Hon. Dennis G. JACOBS, Circuit Judges, Hon. John GLEESON, District Judge*.
 
 
 4
 Appeal from the United States District Court for the Southern District of New York.
 
 
 5
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York, and was argued by plaintiff pro se and by counsel for defendants.
 
 
 6
 ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the appeal be and it hereby is dismissed for lack of appellate jurisdiction.
 
 
 7
 Plaintiff Josefina Del Valle Hernandez attempts to appeal from an order of the United States District Court for the Southern District of New York, Allen G. Schwartz, Judge, denying her motion to amend her complaint to add new defendants. An order denying a motion to amend a pleading is not appealable as a final decision under 28 U.S.C. § 1291. See, e.g., SEC. v. American Board of Trade, Inc., 830 F.2d 431, 443 (2d Cir.1987), cert. denied, 485 U.S. 938 (1988); Richardson Greenshields Securities, Inc. v. Lau, 825 F.2d 647, 650 (2d Cir.1987); D'Ippolito v. Cities Service Co., 374 F.2d 643, 648 (2d Cir.1967). The order was not certified for interlocutory appeal pursuant to 28 U.S.C. § 1292(b); nor does the order present one of those "rare instances [in which] a court of appeals may hear an interlocutory appeal in the absence of a § 1292(b) certification." In re Flor, 79 F.3d 281, 284 (2d Cir.1996). Accordingly, the denial of leave to amend is not appealable at this time.
 
 
 8
 We note that Hernandez, in No. 96-7852, has filed a separate appeal in the present case from the district court's refusal to certify the order denying leave to amend pursuant to § 1292(b), a decision that is also unappealable. In addition, Hernandez, who has informed this Court that she is a law school graduate, has made other meritless filings in this Court. Hernandez is warned that further filing of frivolous appeals, motions, or petitions may result in the imposition of sanctions against her.
 
 
 9
 We have considered all of Hernandez's contentions in support of appealability and have found them to be entirely without merit. The appeal is dismissed for lack of appellate jurisdiction.
 
 
 
 *
 Honorable John Gleeson of the United States District Court for the Eastern District of New York, sitting by designation