# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

_____

No. 03-6025EA

_____

In re:                                   *
                                         *
Johnny L. Vincent,                       *
                                         *
          Debtor.                        *
                                         *
                                         *
Johnny L. Vincent,                       *
                                         *   Appeal from the United
          Debtor - Appellant.            *   States Bankruptcy Court
                                         *   for the Eastern District of
          v.                             *   Arkansas
                                         *
Fairbanks Capital Corporation,           *
                                         *
          Creditor - Appellee.           *
                                         *

_____

Submitted: October 29, 2003
Filed: December 1, 2003 (Corrected 12/11/03)

_____

Before SCHERMER, DREHER, and FEDERMAN, Bankruptcy Judges.

_____

DREHER, Bankruptcy Judge.

This is an appeal from the bankruptcy court's[1] order which sustained an objection to Debtor's modification of a Chapter 13 plan. For the reasons stated below we dismiss the appeal for lack of jurisdiction.

PROCEDURAL HISTORY AND FACTS

On October 8, 1998, Debtor, Johnny Vincent ("Debtor"), filed a petition for bankruptcy relief under Chapter 13. Debtor scheduled his home as an asset in his bankruptcy case and valued it at $28,500. Debtor also scheduled IMC Mortgage ("IMC") as a secured creditor holding a lien in the home to secure a claim of $22,700. IMC's claim was secured solely by Debtor's principal residence. The last payment on the mortgage is due on May 18, 2010. Therefore, the debt to IMC is a long-term claim as provided by 11 U.S.C. § 1322(c), not subject to modification under 11 U.S.C. § 1322(b)(2).

A plan of reorganization was attached to the original petition which provided for payments to be made in the sum of $930.00 monthly for a period of 60 months. The plan listed no long-term debts. Instead, the obligation to IMC was listed as a secured claim which would not extend beyond the length of the plan. The plan proposed to pay IMC's secured claim by paying the $22,700 value of the collateral in full over the life of the plan at the rate of $378.33 per month without payment of any interest. Thus, the plan misclassified the IMC debt.

On March 15, 1999, IMC filed a motion to modify the plan. The bankruptcy court construed the motion as an objection to confirmation. In its objection, IMC asserted that its claim was a long term debt not subject to modification. IMC also

---

[1]The Honorable James G. Mixon, United States Bankruptcy Judge for the Eastern and Western Districts of Arkansas.

filed a motion for adequate protection requesting immediate payment from either the Debtor or the Chapter 13 Trustee.

In response to the objection, Debtor modified his plan to pay IMC's claim of $23,309.09 plus an arrearage of $544.00. The modified plan still did not provide to pay interest on IMC's claim. On May 4, 1999, an order submitted by IMC's counsel was entered withdrawing its motion and reciting that Debtor had modified his plan to pay IMC's pre-petition arrearage claim at the rate of $46.00 per month and the ongoing mortgage payment at $477.65 a month. Thereafter, IMC's claim of $23,309.09, which did not include a claim for interest,[2] was allowed by order dated May 12, 1999. On June 4, 1999, the bankruptcy court issued an order confirming Debtor's modified plan.

Two years later, on May 22, 2001, IMC, having discovered its error, filed an amended secured claim in the amount of $30,449.06. In response, the Chapter 13 Trustee filed a motion to allow the claim in that amount. The bankruptcy court entered an order on that date which provided that: "the above claim be allowed as has been recommended by the Trustee and payable as provided by the Debtor's plan and other orders of this Court or paid in full if not otherwise provided in the plan of the Debtor." The order further provided that Debtor had thirty days in which to file a written application for modification of the order or to modify the plan to pay less than the full amount of the allowed claim. Debtor timely filed an objection to the claim, arguing that the claim was untimely and inconsistent with the previously filed claim. In response, Fairbanks Capital Corporation, successor to IMC ("Fairbanks"),[3] filed

---

[2]A claim for unmatured interest will be disallowed if objected to by a party in interest. 11 U.S.C. § 502(b)(2)

[3]Debtor's obligation on his mortgage passed through the hands of four separate mortgage companies. The original mortgage with The Money Store was assigned to IMC, which assigned it to Citibank, which assigned it to Fairbanks.

a motion to compel Debtor to comply with discovery requests. The motion was granted by agreement and an order was entered on October 9, 2001 which provided, in part, that Debtor would have until October 12, 2001, to comply with discovery requests in the absence of which Fairbanks would be entitled to submit an ex parte order overruling Debtor's objection.

Debtor failed to respond to discovery. Fairbanks then filed a motion seeking the ex parte order overruling the Debtor's objection to the claim. Accordingly, an order overruling the Debtor's objection was entered on October 23, 2001, putting into effect the May 24, 2001 order which had allowed the amended claim. Debtor did not appeal from that order. Moreover, the Chapter 13 Trustee did not change the amount of the payments being made to Fairbanks. At least in the understanding of the Trustee, while the amended claim had been allowed, the confirmed plan had never been modified to change the treatment of Fairbanks' claim.

Soon thereafter, Debtor lost his job and was entitled to a lump sum severance payment. He wished to complete his obligations under the confirmed Chapter 13 Plan. At Debtor's request the Chapter 13 Trustee informed Debtor what he would need to pay in order to complete his payments under the Plan. On April 24, 2002, Debtor filed a Modification to Close and a Notice of Opportunity to Object to Closure of Plan in which he proposed to pay a lump sum of $17,336.56 to be used to pay the full unpaid balance of Fairbanks' original claim as directed by the Chapter 13 Trustee.[4] Fairbanks objected on the grounds that the modification should not be allowed because Debtor was not proposing to pay Fairbanks allowed claim of $30,449.06 in full. Fairbanks sought an order sustaining its objection to the modified plan and either requiring Debtor to pay the full amount of the allowed claim in full

[4]We are hampered in our review by a common problem, the failure to provide us with a complete record. Neither appellant nor appellee has included in the Appendices the motion which was the genesis of the order from which this appeal is taken.

over the remaining life of the plan or that Debtor be ordered to modify his plan to provide for the secured claim of Fairbanks in the sum of $30,449.06 to be treated as a long term debt not subject to modification and paid at the rate of $523.65 per month. After related proceedings not relevant to this decision, the bankruptcy court issued its order dated April 24, 2003, in which the bankruptcy court sustained the objection of Fairbanks to plan modification but did not require the Debtor to modify his Plan.

In its ruling, the bankruptcy court held that IMC had erred in the proceedings leading up to the confirmation of the modified plan and further erred when it filed the amended claim which provided for interest on its claim. The debt to IMC/Fairbanks was a debt on Debtor's principal residence which was not due within the term of the plan. Section 1322(b)(2) of the Bankruptcy Code does not allow for modification of such claims in the context of a Chapter 13 Plan. Nonetheless, the modified plan patently did not provide for the payment of interest on the claim and IMC/Fairbanks failed to object. Having done so, the plan was confirmed and the confirmed plan bound Fairbanks to payments terms provided in the confirmed plan. The bankruptcy court further held that when IMC/Fairbanks filed the amended claim, Debtor's objection should have been sustained because the treatment of IMC/Fairbanks' claim had already been determined by the final order confirming the plan which was res judicata on that issue. However, Debtor had failed to file an appeal from the order allowing the claim in the sum of $30,449.06. The bankruptcy court then went on to construe its May 21, 2001 Order as having modified the Chapter 13 Plan to require Debtor to make full payment of Fairbanks' claim in the sum of $30,449.06, which sum would not be discharged without full payment and, therefore, sustained Fairbanks' objection to modification of the plan.

## DECISION

This court has an independent obligation to determine its own jurisdiction. *See* Lewis v. United States, 992 F.2d 767, 771 (8th Cir.1993); Crockett v. Lineberger, 205 B.R. 580, 581 n.3 (B.A.P. 8th Cir. 1997). As we previously discussed in Safeco Ins. Co. v. Farmland Indus. Inc. (In re Farmland Industries, Inc.), 296 B.R. 793 (B.A.P. 8th Cir. 2003):

> The Eighth Circuit has adopted a three factor test to determine whether a bankruptcy court order is final for purposes of 28 U.S.C. § 158(d), considering "the extent to which (1) the order leaves the bankruptcy court nothing to do but execute the order, (2) delay in obtaining review would prevent the aggrieved party from obtaining effective relief, and (3) a later reversal on that issue would require recommencement of the entire proceeding." The Eighth Circuit Bankruptcy Appellate Panel has applied this test for determining finality under 28 U.S.C. § 158(a)(1).[5]

*Id*. at 800. (internal citations omitted)

---

[5]Title 28 Section 158 addresses the procedure for appeals from bankruptcy courts and states in relevant part:

> (a) The district courts of the United States shall have jurisdiction to hear appeals
> (1) from final judgments, orders, and decrees;
>     * * * *
> (3) with leave of the court, from other interlocutory orders and decrees; ...
>     * * * *
> (d) The courts of appeals shall have jurisdiction of appeals from all final decisions, judgments, orders, and decrees entered under subsection (a) ... of this section.

28 U.S.C. § 158.

[An] order, although not a final judgment on the merits on all claims and to all parties, may be reviewed as a final collateral order if it meets the test set out in Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541 (1949). Three requirements must be met; (1) the order must conclusively determine the disputed question, (2) the order must resolve an important question completely separate from the merits of the action, and (3) the order must be effectively unreviewable on appeal from final judgment.

*Id.* (*citing* National City Bank v. Coopers and Lybrand, 802 F.2d 990, 993 n.2 (8th Cir.1986); Moxley v. Comer (In re Comer), 716 F.2d 168, 172 (3rd Cir.1983) (holding that an order is final when its subject matter is not one that can wait final resolution of the bankruptcy proceeding, the particular controversy will not return to the court, and effective review of the order cannot await final disposition of the case in the bankruptcy court); and Bayer v. Nicola (In re Bestmann), 720 F.2d 484, 486 (8th Cir.1983)(the essence of the test to determine finality of a bankruptcy order is whether the particular controversy with which the order deals may be reviewed at a subsequent time, or whether effective review cannot await a final or later disposition of the dispute in the bankruptcy court)).

In the alternative, under 28 U.S.C. § 158(a)(3), parties who wish to challenge an interlocutory order must seek leave from the bankruptcy court by filing a motion for leave to appeal. FED. R. BANKR. P. 8003(a). And courts will occasionally construe notices of appeal as motions for leave to appeal. FED. R. BANKR. P. 8003(c); Moix-McNutt v. Coop (In re Moix-McNutt), 215 B.R. 405, 407 (B.A.P. 8th Cir. 1997). Debtor did not seek leave to appeal in this case and circumstances that justified the court in Moix-McNutt to construe the notice of appeal as a motion for

leave to appeal do not exist in this case. *Id.*[6] As a result, we decline to construe the notice of appeal as a motion for leave to appeal.

Although in this instance Debtor confirmed a plan, the denial of the modification of a confirmed plan bestows no more finality on the bankruptcy court's order than the denial of confirmation of a plan. As in Lewis, the bankruptcy court did not dismiss Debtor's petition after sustaining Fairbanks' objection, and thereby did not preclude Debtor from making further modification proposals including providing Fairbanks' debt be paid pursuant to § 1322(b)(5), a proposal that Fairbanks offered to accept during oral argument.[7] *See* Lewis, 992 F.2d at 773.

In addition, many other options remain for Debtor after the denial of a motion to modify. Debtor could request a hardship discharge pursuant to section 1328(b), convert the case as allowed by section 1307(a), complete payments under the terms of the confirmed plan, or, failing all of the above, the bankruptcy court could dismiss or convert the case. *See* 11 U.S.C. §§ 1325(a)(5), 1328(b), 1307(a), (b), and (c). Consequently, the bankruptcy court is left with many possibilities after the denial of a motion to modify beyond the mere execution of its order denying modification and "has remaining tasks that are not purely mechanical or ministerial, such as considering any amended plan that may be proposed, or determining how to dispose of the case if no confirmable amended plan is proposed." Pleasant Woods Ass'n. Ltd.

---

[6] In Moix-McNutt the claim by Debtor of prejudice by the bankruptcy court created a unique procedural posture in the case that warranted immediate judicial review.

[7] Since Debtor may be able to modify his plan to satisfy the objection of Fairbanks and the concerns of the bankruptcy court without making additional payments to the Trustee, allowing Debtor to further modify the plan would not require the bankruptcy court to approve a plan that provides for payments for a "period that is longer than five years." 11 U.S.C. § 1322(d).

P'ship v. Simmons First Nat'l Bank (In re Pleasant Woods Associates Ltd. Partnership), 2 F.3d 837, 838 (8th Cir. 1993)

Even so, all that is needed is a final order of dismissal or modification and then either party may appeal the final disposition. Lewis, 992 at 773. A later reversal will not compel extensive relitigation. The facts are not in dispute, entry of a final order could be a "swift undertaking" and we are obligated to avoid "piecemeal adjudication." Id. "Once again, as happens all too often, bankruptcy practitioners have briefed and argued an appeal to this court paying no attention to our controlling jurisdictional precedents." Groves v. LaBarge (In re Groves), 39 F.3d 212, 214(8th Cir. 1994); *see also* Lurie v. Blackwell (In re Popkin & Stern), 105 F.3d 1248, 1250-51(8th Cir. 1997)("The lesson here for litigants is to examine jurisdiction before, not after, appealing.").

We must conclude that an order denying modification of a plan is no more final than an order denying confirmation of a plan and that Debtor will not be denied an effective appeal pending a final disposition of the case by the bankruptcy court. Therefore, we dismiss this appeal for lack of jurisdiction.

ACCORDINGLY, this appeal is DISMISSED.

A true copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE PANEL
FOR THE EIGHTH CIRCUIT

9