Charles L. Davis, Appellant,

v.

Edwin A. Illardo, Appellee,

Christopher K. Reed, U.S. Trustee.

No. 04–2280–BK.

United States Court of Appeals,
Second Circuit.

Oct. 3, 2005.

In re: Charles L. DAVIS, Debtor.

Charles L. Davis, Buffalo, New York, for Appellant.

Kenneth W. Knapp, Abbot, Tills, & Knapp, LLC, Hamburg, N.Y., for Appellee.

PRESENT: NEWMAN, SOTOMAYOR, Circuit Judges, and DANIELS, District Judge.*

## SUMMARY ORDER

Debtor-appellant Charles L. Davis ("Davis") appeals from the dismissal by the district court (Arcara, J.) of his appeal of an interlocutory order of the bankruptcy court denying his motion to dismiss voluntarily his Chapter 7 bankruptcy petition. The district court held that the order denying the motion to dismiss was not a final order and thus not appealable under 28 U.S.C. § 158(a)(1). It further denied leave to file a discretionary appeal, holding that Davis had not shown that the order involved a controlling issue of law as to which there is a substantial difference of opinion that would substantially advance the litigation.

---

* The Honorable George B. Daniels, United States District Judge for the Southern District of New York, sitting by designation.

Davis contends that the district court erred in failing to exercise its discretion to hear his appeal. Whatever the merits of this claim, we do not have jurisdiction to review it. The district court's dismissal of Davis's interlocutory appeal is not a final decision, judgment, order or decree and consequently we do not have jurisdiction to consider his appeal under 28 U.S.C. § 158(d). *See In re Fugazy Express, Inc.,* 982 F.2d 769, 775 (2d Cir.1992). Nor may we review this appeal pursuant to 28 U.S.C. § 1292(b) because the district court did not certify the order for interlocutory appeal. *In re Flor,* 79 F.3d 281, 283–84 (2d Cir.1996).

Undaunted, Davis argues that we may hear his appeal pursuant to the collateral order doctrine, which provides for interlocutory review of "claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Cohen v. Beneficial Indus. Loan Corp.,* 337 U.S. 541, 546, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). This is clearly not one of those claims.

For the foregoing reasons, the appeal is DISMISSED for lack of jurisdiction.