SECURITIES AND EXCHANGE
COMMISSION, Plaintiff,

v.

CREDIT BANCORP, LTD., Credit Bancorp, Inc., Richard Jonathan Blech, Thomas Michael Rittweger and Douglas C. Brandon, Defendants.

No. 99 Civ. 11395(RWS).

United States District Court,
S.D. New York.

June 13, 2000.

S.E.C. Salt Lake City, UT (Thomas M. Melton, of counsel), S.E.C., New York City (Robert Blackburn, of counsel), for Plaintiff.

Morrison & Foerster, New York City by Carl H. Loewenson, Receiver and Fiscal Agent, for Receiver.

McCambridge, Deixler & Marmaro, Los Angeles, CA (Richard Marmaro, of counsel), for Defendant Richard Jonathan Blech.

Milbank, Tweed, Hadley & McCloy, New York City (Andrew Tomback, of counsel), for Defendant Thomas Michael Rittweger.

Getty, Keyser & Mayo, Lexington, KY (Richard A. Getty, of counsel), for Defendant Douglas C. Brandon.

Rosenman & Colin, New York City (Joel W. Sternman, of counsel), Stoel Rives, Portland, OR (Joel A. Mullin, Scott J. Kaplan, of counsel), for Intervenor Robert Praegitzer.

Barger & Wolen, New York City (Michael J. Levin, of counsel), for Intervenor Centigram Communications Corp.

Lambos & Junge, New York City (Armand P. Mele, of counsel), for Intervenors Stephen J. Cole–Hatchard, Cole–Hatchard Family Limited Partnership, Nicko Feinberg and Michael Olbermann.

Sheldon A. Weiss, Mountainside, NJ, for Intervenor Robert Praegitzer.

Hogan & Hartson, New York City (Lyndon M. Tretter, of counsel), for Intervenor Gene W. Ray.

## OPINION

SWEET, District Judge.

The Securities and Exchange Commission ("SEC") has moved for reconsideration of this Court's opinion dated March 21, 2000 (the "March 21 Opinion") pursuant to Local Rule 6.3 or, in the alternative, for certification of that opinion pursuant to 28 U.S.C. § 1292(b). This motion is opposed by a number of the parties who were granted permission to intervene in this action in the March 21 Opinion. For the reasons that follow, the motion is denied.

### Facts and Prior Proceedings

The facts and prior proceedings are set forth in greater detail in *S.E.C. v. Credit Bancorp, Ltd.*, No. 99 Civ. 11395, 2000 WL 301022 (S.D.N.Y. March 21, 2000), familiarity with which is presumed.

The March 21 Opinion granted permissive intervention to Robert Praegitzer ("Praegitzer"), Stevenson Equity Company ("SECO"), Stephen Cole–Hatchard, et al. (the "Cole–Hatchard Intervenors"), Thomas Stappas, et al. (the "Stappas Intervenors"), and Dr. Gene W. Ray ("Ray") (collectively, the "Intervenors") pursuant to Federal Rule of Civil Procedure 24(b). By separate order of April 5, 2000, the Court also granted permissive intervention to Centigram Communications Corporation ("Centigram") pursuant to Rule 24(b).

The SEC opposed the motions to intervene on the grounds that (1) Section 21(g) of the Securities Exchange Act of 1934 ("the Exchange Act"), 15 U.S.C. § 78u(g), bars such intervention without the SEC's consent; (2) Credit Bancorp's customers had no right to intervene under Federal Rule of Civil Procedure 24(a) because their collective interests are actively represented by both the SEC and the Receiver;[1] and (3) permissive intervention should not be allowed under Federal Rule of Civil Procedure 24(b) as intervention would

---

1. The Intervenors moved for intervention as of right pursuant to Federal Rule of Civil Procedure 24(a) as well as for permissive intervention pursuant to Federal Rule of Civil

Procedure 24(b). The Court held that intervention under Rule 24(a) was not appropriate.

serve only to multiply the issues at play in this action and would inhibit the SEC from proceeding expeditiously. *S.E.C. v. Credit Bancorp, Ltd.,* No. 99 Civ. 11395, 2000 WL 301022, at *8 (S.D.N.Y. March 21, 2000).

The SEC moved on April 4, 2000 for reconsideration or, in the alternative, 1292(b) certification of the March 21 Opinion. This motion was opposed by Praegitzer, Centigram, the Cole–Hatchard Intervenors, the Stappas Intervenors (joining in opposition by Praegitzer and Centigram), and Ray (joining in opposition by Praegitzer and Centigram).[2]

Oral argument was heard on May 3, 2000, at which time the matter was deemed fully submitted.

### *Discussion*

#### I.  *Reconsideration Under Rule 6.3 Is Not Warranted*

■  Local Rule 6.3 provides in pertinent part: "There shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked." Thus, to be entitled to reargument and reconsideration, the movant must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion. *See Ameritrust Co. Nat'l Ass'n v. Dew,* 151 F.R.D. 237, 238 (S.D.N.Y.1993); *East Coast Novelty Co. v. City of New York,* 141 F.R.D. 245, 245 (S.D.N.Y.1992).

■  Local Rule 6.3 is to be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the court. In deciding a reconsideration and reargument motion, the court must not allow a party to use the motion as a substitute for appealing from a final judgment. *See Morser v. A.T. & T Information Systems,*

715 F.Supp. 516, 517 (S.D.N.Y.1989); *Korwek v. Hunt,* 649 F.Supp. 1547, 1548 (S.D.N.Y.1986), *aff'd,* 827 F.2d 874 (2d Cir. 1987). Therefore, a party may not "advance new facts, issues or arguments not previously presented to the Court." *Morse/Diesel, Inc. v. Fidelity & Deposit Co. of Md.,* 768 F.Supp. 115, 116 (S.D.N.Y. 1991). The decision to grant or deny the motion is within the sound discretion of the district court. *See Schaffer v. Soros,* No. 92 Civ. 1233, 1994 WL 592891, at *1 (S.D.N.Y. Oct. 31, 1994).

The SEC repeats the contention here which it previously made in opposition to the Intervenors' motions to intervene that the Court should "limit the participation of the Intervenors to the asset marshalling, conservation and distribution phases of this case". The SEC avers that reconsideration is warranted based on *Securities and Exch. Comm'n v. Everest Management,* 475 F.2d 1236 (2d Cir.1972), which the SEC characterizes as "the controlling precedent in this Circuit."

■  The March 21 Opinion considered the *Everest Management* at some length in reaching its conclusion that permissive intervention was appropriate under the circumstances of this case. *See Credit Bancorp,* 2000 WL 301022, at *9–12. Indeed, the March 21 Opinion notes specifically that the decision to grant intervention is consistent with the broad discretion granted to district courts in handling cases with multiple parties and claims—discretion which was recognized in *Everest Management. See Credit Bancorp,* 2000 WL 301022, at *12. Thus, the Court did not overlook this case but instead considered and rejected the SEC's arguments based on that case.

The SEC also contends that the March 21 Opinion did not consider the "numerous new causes of action" proposed by the Intervenors in their various proposed com-

---

**2.** Although SECO did not submit or join in the opposition pleadings, the SEC's motion

and this decision apply to it as well.

plaints. The specific intervenor complaints were not before the Court at the time it rendered the March 21 Opinion since these complaints were filed subsequently. However, the SEC did raise and the Court did consider the argument that permitting intervention would result in a logistical nightmare and could impede the SEC in its prosecution of the enforcement case. *See Credit Bancorp,* 2000 WL 301022, at *8. The issue of potential complaints in intervention was encompassed within that prior argument and was not overlooked by the Court. In addition, as noted below, the SEC's dire predictions as to how it would be impeded in prosecuting this case have not yet come to pass. Therefore, the SEC's motion for reconsideration is denied.

## II. *Certification Of An Interlocutory Appeal Is Not Warranted*

The SEC moves in the alternative for certification of the issue of whether Section 21(g) of the Securities Exchange Act of 1934 prohibits the intervention granted in the March 21 Opinion.

■ Section 1292(b) provides that a district court may certify an interlocutory order for appeal if it is of the opinion that (1) the order "involves a controlling question of law"; (2) "as to which there is substantial ground for difference of opinion," and (3) an immediate appeal "may materially advance the ultimate termination of the litigation". 28 U.S.C. § 1292(b). In considering a request for certification, the district court must carefully assess whether each of the three conditions for certification is met. *See German v. Federal Home Loan Mortgage Corp.,* 896 F.Supp. 1385, 1398 (S.D.N.Y. 1995); *see also Gottesman v. General Motors Corp.,* 268 F.2d 194, 196 (2d Cir.1959) (certification is to be "strictly limited to the precise conditions stated in the law"). The determination of whether Section 1292(b) certification is appropriate under the above standards is in the discretion of the district court. *See Ferraro v. Secre-*

*tary of U.S. Dept. of Health & Human Services,* 780 F.Supp. 978, 979 (E.D.N.Y. 1992); 16 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3929 (1977 & Supp.1996).

■ Interlocutory appeals under Section 1292(b) are an exception to the general policy against piecemeal appellate review embodied in the final judgment rule. Since the statute was enacted in 1958, the Second Circuit has repeatedly emphasized that a district court is to "exercise great care in making a § 1292(b) certification." *Westwood Pharmaceuticals, Inc. v. National Fuel Gas Distribution Corp.,* 964 F.2d 85, 89 (2d Cir.1992); *see also Klinghoffer v. S.N.C. Achille Lauro,* 921 F.2d 21, 25 (2d Cir.1990). Certification is only warranted in "exceptional cases," where early appellate review "might avoid protracted and expensive litigation." *Telectronics Proprietary, Ltd. v. Medtronic, Inc.,* 690 F.Supp. 170, 172 (S.D.N.Y.1987); *see also German,* 896 F.Supp. at 1398. Section 1292(b) was not intended "to open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation" *Telectronics,* 690 F.Supp. at 172, or to be a "vehicle to provide early review of difficult rulings in hard cases." *German,* 896 F.Supp. at 1398; *see also Abortion Rights Mobilization, Inc. v. Regan,* 552 F.Supp. 364, 366 (S.D.N.Y.1982); *McCann v. Communications Design Corp.,* 775 F.Supp. 1506, 1534 (D.Conn.1991).

■ The institutional efficiency of the federal court system is among the chief concerns underlying Section 1292(b). *See Forsyth v. Kleindienst,* 599 F.2d 1203 (3d Cir.1979), *cert. denied,* 453 U.S. 913, 101 S.Ct. 3147, 69 L.Ed.2d 997 (1981). The efficiency of both the district court and the appellate court are to be considered, and the benefit to the district court of avoiding unnecessary trial must be weighed against the inefficiency of having the Court of Appeals hear multiple appeals in the same case. *See Harriscom Svenska AB v. Har-*

*ris Corp.*, 947 F.2d 627, 631 (2d Cir.1991); *see generally* 16 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3930 (1996).

■ In determining whether a controlling question of law exists the district court should consider whether: reversal of the district court's opinion could result in dismissal of the action; reversal of the district court's opinion, even though not resulting in dismissal, could significantly affect the conduct of the action, or; the certified issue has precedential value for a large number of cases. *See Klinghoffer*, 921 F.2d at 24–25; *In re Oxford Health Plans, Inc.*, 182 F.R.D. 51, 54–55 (S.D.N.Y. 1998).

Although technically the question of whether there is a controlling issue of law is distinct from the question of whether certification would materially advance the ultimate termination of the litigation, in practice the two questions are closely connected. *See Duplan Corp. v. Slaner*, 591 F.2d 139, 148 n. 11 (2d Cir.1978); *Public Interest Research Group of New Jersey, Inc. v. Hercules, Inc.*, 830 F.Supp. 1549, 1557 (D.N.J.1993); Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3930 (1996).

■ The SEC urges that the Section 21(g) question is a controlling issue of law because reversal of the permission to intervene would significantly affect the conduct of this action by limiting its complexity and scope. As this Court observed in its March 21 Opinion, however, on the facts of this case the Intervenors are "likely to have extensive participation in this case whether or not intervention is allowed". *Credit Bancorp*, 2000 WL 301022, at *12. Thus, while reversal of this Court's decision on the Section 21(g) issue would indeed affect the way in which this litigation is conducted, it is not at all clear that it would simplify matters so as to materially advance termination of the litigation and thus warrant certification under Section 1292(b).[3]

The SEC also assets that certification is warranted due to the precedential value of this case given the number of SEC enforcement actions in this circuit. Precedential value, while certainly something that should be considered, is not in this Court's view per se sufficient to meet the "controlling issue of law" standard. Rather, this is a factor the Court should consider in its analysis. *See Klinghoffer*, 921 F.2d at 24 (observing that precedential value is factor to be taken into account but is not requirement); *Oxford*, 182 F.R.D. at 54 (observing that some district courts have held that precedential value alone renders issue "controlling" but disagreeing with that view and holding it to be only a factor). The Court has considered this factor and does not consider it sufficient to warrant 1292(b) certification in light of the circumstances of this case.

In addition, even assuming *arguendo* that the Section 21(g) issue were a controlling issue of law for purposes of 1292(b), the SEC has not established that there are substantial grounds for difference of opinion warranting 1292(b) certification. This Court acknowledged in its March 21 Opinion that "there is disagreement within the courts concerning the application of Section 21(g) to intervention motions." *Credit Bancorp*, 2000 WL 301022, at *8. The fact that there is a some level of disagreement among the courts does not mean, however, that the standards of 1292(b) are necessarily satisfied. *See, e.g., Chalfin v. Beverly*

---

**3.** Indeed, this case has moved forward apace. At oral argument on May 3, 2000 the SEC conceded that its ability to proceed in this action has not been handicapped by the Intervenors. Indeed, the Court is currently considering proposals for a partial distribution of the receivership estate even as the action moves ahead. The Court notes in this regard that the Intervenors are currently investigating whether security interests held in the Credit Bancorp assets by certain depository institutions are valid—a question which bears on the nature of any distributions and thus, according to the SEC's own view, is properly a matter for concern among the Intervenors.

*Enterprises, Inc.*, 745 F.Supp. 1117, 1122 (D.C.Pa.1990) (denying 1292(b) certification where five federal courts had considered the issue and decision in instant case was consistent with sole court of appeals decision).

In its March 21 opinion this Court scrutinized the statutory text and canvassed the available authorities and concluded that " 'there is no persuasive authority' " for the proposition that Section 21(g) bars all intervention in SEC enforcement actions. *Credit Bancorp*, 2000 WL 301022, at *9 (*citing S.E.C. v. Prudential Securities Inc.* (D.D.C.1997)). Based on its own analysis of the text and "the persuasive reasoning of those cases that have rejected Section 21(g) as an absolute bar to intervention" the Court concluded that the statute does not bar intervention in this case. *Id.* at *9. The Court certainly did not hold, as the SEC now contends, that there is a substantial ground for a difference of opinion within the meaning of 1292(b).

Finally, the SEC's insistence that consideration of *Everest Management*, 475 F.2d 1236, warrants 1292(b) certification is misplaced. *Everest Management*, contrary to the SEC's contention, is not "controlling precedent" that dictates a different outcome in this case. It was decided before Section 21(g) was enacted and, moreover, was considered at length by this Court, after which consideration the Court concluded that the case did not bar the intervention granted here. *See Credit Bancorp*, 2000 WL 301022, at *9–12.

Therefore, the SEC's motion for reconsideration of the March 21 Opinion or, in the alternative, certification of an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) is denied.

It is so ordered.