**OXYGENATED FUELS
ASSOCIATION, INC.
Plaintiff,**

v.

**George PATAKI, in his capacity as Governor of the State of New York, and Eliot Spitzer, in his capacity as Attorney General for the State of New York, Defendants.**

**No. 1:00–CV–1073.**

United States District Court,
N.D. New York.

Dec. 5, 2002.

Cadwalader, Wickersham & Taft, Frederick R. Anderson, Esq., of counsel, Geraldine E. Edens, Esq., of counsel, Washington, DC, Hancock and Estabrook, LLP, David S. Howe, Esq., of counsel, Eric C. Nordby, Esq., of counsel, Syracuse, NY, for Plaintiff.

Eliot Spitzer, Attorney General of the State of New York, Philip Bein, Esq., Assistant Attorney General, of counsel, Environmental Protection Bureau, New York City, for Defendants.

## MEMORANDUM–DECISION AND ORDER

MORDUE, District Judge.

In this action under the Supremacy Clause, U.S. Const., Art. VI, cl. 2, the Clean Air Act ("CAA"), 42 U.S.C. § 7401 *et seq.*, and the Civil Rights Act, 42 U.S.C. § 1983, plaintiff moves for certification to the Second Circuit to permit immediate appeal of an issue in the Court's Memorandum–Decision and Order dated May 18, 2001, *see Oxygenated Fuels Ass'n, Inc. v. Pataki*, 158 F.Supp.2d 248 (N.D.N.Y.2001) ("*OFA I*"), as amended on reconsideration by Memorandum–Decision and Order of May 16, 2002, *Oxygenated Fuels Ass'n, Inc. v. Pataki*, 1:00–CV–1073, 2002 WL 32329221 (N.D.N.Y. May 16, 2002) ("*OFA II*"). Plaintiff frames the question to be certified as follows: "Does this Court have jurisdiction to construe the scope of EPA's preemptive authority under the Clean Air Act?" For the reasons which follow, the Court denies the motion.

## BACKGROUND

The Court assumes familiarity with the decisions herein, cited above. It is plaintiff's position that the Court correctly stated in OFA I that EPA's regulations express EPA's intent to preempt the entire field of legislation affecting fuel and fuel additives for whatever purpose, that the Court erroneously and without jurisdiction concluded that EPA lacked authority to preempt such a broad field, and that in fact the EPA regulation was intended to and did preempt a broad field, resulting in preemption of a New York law ("N.Y. MTBE law") which bans the use, sale, or importation in New York of fuels containing the additive methyl tertiary-butyl ether ("MTBE"). Therefore, plaintiff contends, plaintiff was entitled to summary judgment declaring N.Y. MTBE law invalid.

Plaintiff argues that the Court's jurisdictional "error" in OFA I was not ameliorated in OFA II, wherein on reconsideration the Court amended its decision to state that EPA's regulations *arguably* express EPA's intent to preempt the entire field but concluded that in any event the regulations could not have broad preemptive effect because broad preemption was not in EPA's power. Plaintiff urges that a determination of the scope of EPA's preemptive authority under CAA is solely within the jurisdiction of the D.C. Circuit Court of Appeals under section 307(b)(1) of CAA, 42 U.S.C. § 7607(b)(1). On this motion,

plaintiff contends that the question of this Court's jurisdiction to address the preemptive scope of EPA regulations should be certified to the Second Circuit, because the issue presents a controlling question of law as to which there is substantial ground for difference of opinion, and an immediate appeal may materially advance the ultimate termination of the litigation.

## DISCUSSION

While it is a "basic tenet of federal law to delay appellate review until a final judgment has been entered[,]" *Koehler v. Bank of Bermuda, Ltd.*, 101 F.3d 863, 865 (2d Cir.1996), a district court may, in its discretion, certify an interlocutory order for appeal if the court is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation[.]" 28 U.S.C. § 1292(b).[1] The circuit court which would have jurisdiction of such an appeal "may thereupon, in its discretion, permit an appeal to be taken from such order[.]" *Id.* An application under section 1292(b) does not stay the district court proceedings unless the district judge or the Court of Appeals or a judge thereof so orders. *Id.*

■ The Second Circuit has urged district courts "to exercise great care in making a § 1292(b) certification." *Westwood Pharm., Inc. v. Nat'l Fuel Gas Distrib.*

*Corp.*, 964 F.2d 85, 89 (2d Cir.1992). Only "exceptional circumstances [will] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 25 (2d Cir.1990) (citations and internal quotation marks omitted). In exercising discretion, district courts may consider other relevant factors, such as the time required for an appeal and the need for a stay. *See National Asbestos Workers Medical Fund v. Philip Morris, Inc.*, 71 F.Supp.2d 139, 163 (E.D.N.Y.1999).

### Controlling question of law

■ "In determining whether a controlling question of law exists the district court should consider whether: reversal of the district court's opinion could result in dismissal of the action; reversal of the district court's opinion, even though not resulting in dismissal, could significantly affect the conduct of the action; or, the certified issue has precedential value for a large number of cases." *Primavera Familienstifung v. Askin*, 139 F.Supp.2d 567, 570 (S.D.N.Y.2001). Here, if the Second Circuit were to hold that this Court lacks jurisdiction over the question whether EPA regulations preempted N.Y. MTBE law and to transfer the case to the D.C. Circuit, the D.C. Circuit would have before it the question of whether EPA regulations preempted N.Y. MTBE law. If it concluded that they did, plaintiff would be entitled to summary judgment and there would be

---

1. 28 U.S.C. § 1292(b) provides:

   When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which

   would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

no need for a trial on the issue of conflict preemption; such a conclusion would significantly affect the conduct of the action. However, because the conduct of the action would be affected only if two different circuit courts reversed this Court's determinations on two distinct legal questions, this factor does not strongly favor plaintiff.

### Substantial ground for difference of opinion

■ Next, the Court considers whether there is substantial ground for difference of opinion regarding the answer to the question to be certified. As noted, plaintiff frames the question to be certified as follows: "Does this Court have jurisdiction to construe the scope of EPA's preemptive authority under the Clean Air Act?" Surely the answer to this question must be: "It depends." Section 307(b)(1) reads in part:

**A petition for review of action of the Administrator** in promulgating ... any control or prohibition under section 7545 [CAA § 211] of this title ... or any other nationally applicable regulations promulgated, or final action taken, by the Administrator under this chapter may be filed only in the United States Court of Appeals for the District of Columbia. (Emphasis added.)

42 U.S.C. § 7607(b)(1).[2] Thus, for example, if this Court were to construe the scope of EPA's preemptive authority under CAA in order to decide a petition challenging a final action of the Adminis-

trator, the answer would be "No." *See generally Commonwealth of Virginia v. United States*, 74 F.3d 517, 523 (4th Cir. 1996) (holding that an action seeking declaration of facial unconstitutionality of portions of CAA is within section 307 because "the practical objective of the complaint is to nullify final actions of EPA"). On the other hand, if this Court were to construe the scope of EPA's preemptive authority as an aid to interpreting the regulations in deciding an EPA enforcement action, the answer would be "Yes." *See generally United States v. Ford Motor Co.*, 736 F.Supp. 1539, 1552 (W.D.Mo.1990) (indicating that district court could properly consider defendant's contention that EPA policy was invalid where defendant raised contention as defense to EPA enforcement action, but noting that if defendant "wishes to take the offensive and attack EPA's policy in general, it must do so in the Court of Appeals [pursuant to section 307]."). In other words, the question plaintiff proposes for certification is so general as to be unanswerable. Rather, it appears from the papers that the question in dispute is: "Does this Court have jurisdiction to consider the scope of EPA's preemptive authority under CAA in the course of addressing a challenge to N.Y. MTBE law on the ground that it is preempted by EPA regulations?"

In the Court's view, the answer to this question is clearly "Yes." In its decision on

---

**2.** The first full sentence of section 307 of CAA, 42 U.S.C. § 7607(b)(1), reads:

A petition for review of action of the Administrator in promulgating any national primary or secondary ambient air quality standard, any emission standard or requirement under section 7412 of this title, any standard of performance or requirement under section 7411 of this title, any standard under section 7521 of this title (other than a standard required to be prescribed under section 7521(b)(1) of this title), any determi-

nation under section 7521(b)(5) of this title, any control or prohibition under section 7545 of this title, any standard under section 7571 of this title, any rule issued under section 7413, 7419, or under section 7420 of this title, or any other nationally applicable regulations promulgated, or final action taken, by the Administrator under this chapter may be filed only in the United States Court of Appeals for the District of Columbia.

reconsideration, OFA II, the Court made it clear that the issue it had considered in OFA I was whether the regulatory language relied on by plaintiff supported summary judgment on the ground that EPA regulations preempted N.Y. MTBE law. That issue presented two questions: whether EPA intended to preempt state laws such as N.Y. MTBE law and whether—regardless of its intent—EPA had the ability to do so. A negative answer to either question would mean that the regulations did not operate to preempt N.Y. MTBE law. Viewing CAA § 211(c) and (k) as authorizing EPA to enact regulations only in the field of fuel and fuel additives for purposes of motor vehicle emission control, and not in a field sufficiently broad to preempt N.Y. MTBE law, and concluding that N.Y. MTBE law was thus not preempted, the Court did not analyze the regulations to determine their intended scope.

The Court considers this approach to be proper, although perhaps this motion and the motion for reconsideration would have been avoided if the Court had begun by construing EPA's preemptive intent. In any event, the outcome would have been the same. As the Court noted on reargument, "although not necessary to the resolution of this motion, the Court reads EPA's preemption language as coextensive with Congress' narrow express preemption clause in section 211(c)(4)(A)[.]" Congress gave EPA certain powers, limited to the field of fuel and fuel additives for purposes of motor vehicle emission control, and EPA exercised those powers. Congress did not authorize EPA to preempt the entire field of legislation affecting fuel and fuel additives for whatever purpose, nor did EPA purport to do so. The EPA regulations did not operate to preempt N.Y. MTBE law, and plaintiff is not entitled to summary judgment on this ground.

The conclusion that the EPA regulations do not preempt N.Y. MTBE law and thus do not provide a ground for awarding summary judgment to plaintiff is well within the jurisdiction of this Court. There is no petition before this Court for review of any EPA action of any kind, neither party seeks a determination of the validity of EPA regulations, and no issue in the case requires the Court directly to address their validity. Plaintiff does not challenge the EPA regulations; rather, plaintiff relies on them and urges that they preempt N.Y. MTBE law. Defendants do not challenge the EPA regulations; rather, defendants disagree with plaintiff's interpretation of them and urge that they do not preempt N.Y. MTBE law. In its decisions the Court did not declare valid or invalid any EPA rule or regulation or affirm or reverse any order, decision or other EPA action. The only "action" which this Court "reviewed" was New York's enactment of N.Y. MTBE law, and, in the course of doing so, the Court concluded that the regulatory preemption language relied on by plaintiff did not warrant summary judgment on the ground that N.Y. MTBE law was preempted.

■ Accordingly, because it did not review any action of the Administrator within the meaning of section 307, the Court does not find that there is substantial ground for difference of opinion as to the issue of section 307 jurisdiction. The mere presence of a potentially determinative issue of first impression does not demonstrate a substantial ground for a difference of opinion. *See Flor v. BOT Fin. Corp.*, 79 F.3d 281, 284 (2d Cir.1996). Nor does section 1292(b) provide a "vehicle to provide early review of difficult rulings in hard cases." *Primavera*, 139 F.Supp.2d at 570 (citation omitted). Moreover, as discussed below, this Court's conclusion is consistent with decisions in other courts

which have addressed the preemptive reach of CAA, including a federal district court in this circuit. The Court finds there is no substantial difference of opinion warranting an "exception to the general policy against piecemeal appellate review embodied in the final judgment rule." *Id.*

**Advancing the Ultimate Termination of this Action**

■ Because this Court has found that no substantial question exists regarding its jurisdiction under section 307, there is no basis to find that the ultimate termination of this action would be advanced by certification. Moreover, even if there were a substantial question regarding the Court's jurisdiction, a review of the merits of the preemption issue supports the conclusion that the ultimate termination of this action would not likely be advanced by certification. In other words, even if the case were transferred to the D.C. Circuit and the question of the preemptive reach of EPA regulations were addressed in that court, there is no reason to expect that that court would find that the EPA regulations preempted N.Y. MTBE law, such that plaintiff would be entitled to summary judgment.

As stated in its decision on reconsideration, this Court reads EPA's preemption language as "coextensive with Congress' narrow express preemption clause in section 211(c)(4)(A)." While a few courts have considered the preemptive reach of CAA, it does not appear that any other court has addressed the preemptive reach of the EPA regulations, much less held that the regulations' reach is broader than that of CAA. A district court in this circuit has considered CAA's preemption provision and has accorded it a narrow scope consistent with this Court's reading. *See In re Methyl Tertiary Butyl Ether*

("MTBE") *Prods. Liab. Litigation,* 175 F.Supp.2d 593, 612–14 (S.D.N.Y.2001) (rejecting argument that CAA preempted claims by private well owners seeking relief from petroleum companies for contamination of wells by MTBE; plaintiffs' claims not brought for purposes of regulating motor vehicle emissions control, but rather concerned groundwater contamination and are therefore outside scope of CAA preemption provision); *see also Oxygenated Fuels Assoc. v. Davis,* 163 F.Supp.2d 1182, 1188 (E.D.Cal.2001) (rejecting claim that California's ban on MTBE is preempted by CAA; CAA "neither requires nor forbids the use of any particular oxygenate. Its 'goal' is to assure a particular oxygen content [and][i]t would require a far greater showing on [plaintiff's] part for the court to invalidate the State's enactment of a measure taken under its police powers to protect the environment and the public health."); *Abundiz v. Explorer Pipeline Co.,* 2002 WL 1592604, *3 (N.D.Tex.2002) (finding state tort law claims against manufacturer arising from spill of MTBE-treated gasoline not conflict-preempted by CAA); *but see Kubas v. Unocal Corp.,* 2001 WL 1940938 (Cal.Superior Aug. 23, 2001) (cited in *In re MTBE Prods. Liab. Litigation,* 2001 WL 1042051, *2 (S.D.N.Y.2001); finding plaintiffs' state law causes of action for negligence and strict products liability to be conflict-preempted by CAA); *Hixon v. Unocal Corp.,* (Cal. Sup.Ct. L.A.County Aug. 23, 2001) (same; adopting *Kubas* holding). This Court finds no reason to conclude that an immediate appeal may materially advance the ultimate termination of the litigation.

**Other Factors**

■ Other factors may also bear on a district court's exercise of discretion in addressing a certification request, such as the time required for an appeal, the need

for a stay pending appeal, and the probable outcome of an appeal. *See National Asbestos Workers,* 71 F.Supp.2d at 163. The Court is well aware of the importance of a prompt and correct resolution of the issues herein. The Court does not believe, however, that certification is the best method to achieve such a resolution. Certification and appeal in the Second Circuit would be time-consuming; absent a stay, which is not likely to be granted in light of the nature of the case, trial could well be completed before the jurisdictional question is resolved. If this occurred, certification would serve no purpose. If the Second Circuit were to transfer the case to the D.C. Circuit before trial, and the D.C. Circuit were to find no regulatory preemption, it would presumably remand the case for trial, and nothing would have been accomplished except lengthy delay. It is possible that the Second Circuit and the D.C. Circuit will agree with plaintiff, resulting in summary judgment to plaintiff before trial. Nevertheless, under all of the circumstances, this Court believes that a prompt trial on the question of conflict preemption will best serve the interests of the parties and the public. *See generally In re MTBE Prods. Liab. Litigation,* 174 F.Supp.2d 4, 9 (S.D.N.Y.2001) (denying § 1292 certification of question whether state tort cases claiming MTBE contamination of private wells were conflict-preempted under CAA; noting that cases "involve an essential public right, i.e., the right to water free from contamination"; and stating that it is "important that these actions move forward in a timely and efficient manner").

## CONCLUSION

For the reasons stated above, the Court in the exercise of its discretion denies plaintiff's request for certification for interlocutory review pursuant to 28 U.S.C. § 1292(b).

It is therefore

ORDERED that plaintiff's motion for certification of the Court's Memorandum–Decision and Order dated May 18, 2001, *Oxygenated Fuels Ass'n, Inc. v. Pataki,* 158 F.Supp.2d 248 (N.D.N.Y.2001) as amended by Memorandum–Decision and Order of May 16, 2002, *Oxygenated Fuels Ass'n, Inc. v. Pataki,* 158 F.Supp.2d 248 (N.D.N.Y.2002), to permit an immediate appeal of the question: "Does this Court have jurisdiction to construe the scope of EPA's preemptive authority under the Clean Air Act?" is **DENIED.**

IT IS SO ORDERED.