In re METHYL TERTIARY BUTYL ETHER ("MTBE") PRODUCTS LIABILITY LITIGATION.

Master File No. 1:00–1898.
MDL 1358(SAS).
M21–88.

United States District Court,
S.D. New York.

July 26, 2005.

Robin Greenwald, Robert Gordon, C. Sanders McNew, Weitz & Luxenberg, P.C., New York City, for Plaintiffs.

Peter John Sacripanti, James A. Pardo, Stephen J. Riccardulli, McDermott, Will & Emery LLP, New York City, for Defendants.

### OPINION AND ORDER

SCHEINDLIN, District Judge.

## I. INTRODUCTION

On April 20, 2005, this Court issued an Opinion and Order ("Order"), denying, in large part, defendants' motions to dismiss the complaints filed in fifteen states. Although familiarity with the Order is assumed, it generally held that plaintiffs' claims could go forward based on theories

of collective liability.[1] Certain defendants now move for certification to pursue an interlocutory appeal pursuant to section 1292(b) of Title 28 of the United States Code.[2]

## II. LEGAL STANDARD

■ It is a basic tenet of federal law to postpone appellate review until a final judgment has been entered.[3] However, a court may certify an order for interlocutory appeal if each of the following conditions are met: the order "[1] involves a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3][ ] an immediate appeal from the order may materially advance the ultimate termination of the litigation."[4] But even where the criteria of section 1292(b) appear to be met, district courts have "unfettered discretion to deny certification" if other factors counsel against it.[5]

■ "In determining whether a controlling question of law exists the district court should consider whether: reversal of the district court's opinion could result in dismissal of the action; reversal of the district court's opinion, even though not resulting in dismissal, could significantly affect the conduct of the action; or, the certified issue has precedential value for a large number of cases."[6] "Although the resolution of an issue need not necessarily terminate an action in order to be 'controlling,' it is clear that a question of law is 'controlling' if reversal of the district court's order would terminate the action."[7]

■ The second requirement is a "substantial ground for difference of opinion."[8] The mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to satisfy this prerequisite.[9] The district court must analyze

1. See In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig., No. M21–88, MDL 1358, 2005 WL 906322, at *18–19, 23, 25, 29–30, 32, 36, 38, 41, 44, 48–49, 51, 59, 61 (S.D.N.Y. Apr. 20, 2005).

2. The moving defendants include Amerada Hess Corp.; Ashland Inc.; Atlantic Richfield Co.; BP Products North America Inc. (and its affiliates named as defendants); Chevron U.S.A., Inc.; CITGO Petroleum Corp.; the Coastal defendants; Crown Central Petroleum Corp., n/k/a Crown Central LLC; Exxon Mobil Corporation; Flint Hills Resources, LLP; La Gloria Oil & Gas Co.; Marathon Ashland Petroleum; Marathon Oil Co.; Motiva Enterprises LLC; Shell Oil Co.; Sunoco, Inc.; Sunoco, Inc. (R & M); Texaco Inc.; Union Oil Company of California; and Unocal Corp.

3. See Klinghoffer v. S.N.C. Achille Lauro, 921 F.2d 21, 25 (2d Cir.1990) (citing Coopers & Lybrand v. Livesay, 437 U.S. 463, 475, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978)); Koehler v. Bank of Bermuda, Ltd., 101 F.3d 863, 865 (2d Cir.1996).

4. 28 U.S.C. § 1292(b).

5. These factors include: (1) the time an appeal would likely take; (2) the need for a stay pending appeal and the effect on the litigation, including discovery, that would result from a stay; (3) the probability of reversal on appeal; (4) the effect of a reversal on the remaining claims; (5) the benefit of further factual development and a complete record on appeal, particularly in rapidly developing or unsettled areas of law; and (6) the probability that other issues may moot the need for the interlocutory appeal. See National Asbestos Workers Med. Fund v. Philip Morris, Inc., 71 F.Supp.2d 139, 163 (E.D.N.Y.1999).

6. Primavera Familienstifung v. Askin, 139 F.Supp.2d 567, 570 (S.D.N.Y.2001).

7. Klinghoffer, 921 F.2d at 25.

8. 28 U.S.C. § 1292(b).

9. See Flor v. BOT Fin. Corp., 79 F.3d 281, 284 (2d Cir.1996) (presence of disputed issue of first impression not a ground for 1292 certification); Oxygenated Fuels Ass'n, Inc. v. Pataki, 304 F.Supp.2d 337, 342 (N.D.N.Y.2002) (same); Ralph Oldsmobile Inc. v. General Motors Corp., No. 99 Civ. 4567, 2001 WL 55729, at *4 (S.D.N.Y. Jan. 23, 2001) (rejecting argument that substantial ground for difference of opinion existed merely because the order ad-

the strength of the arguments in opposition to the challenged ruling,[10] and determine whether there is "substantial doubt" that the district court's order was correct.[11]

■ Finally, " '[a]n immediate appeal is considered to advance the ultimate termination of the litigation if that appeal promises to advance the time for trial or to shorten the time required for trial.' "[12]

## III. DISCUSSION

### A. The April 20 Order Did Not Advance A Liberal Construction Standard

Defendants argue that the Order should be certified because this Court erroneously applied a "liberal construction of state law" standard, which "provide[d] Plaintiffs much more than they would receive in a state court, since it resulted in the Court resolving virtually all legal issues in Plaintiffs' favor."[13] This argument is without merit.

The Order applied no such standard of review. Defendants have focused on five words of the Opinion while completely ignoring the remainder. I prefaced my rulings by explaining that it was this Court's duty to predict what the highest court of a particular state would decide if presented with the issue of collective liability.[14] I stated:

When a defendant removes a case from state to federal court, a liberal construction of state law protects the principle of dual sovereignty by protecting a party who sought to obtain a resolution of state law claims from state courts. If this Court were to adopt a *more restrictive* reading of state law than the highest courts of the relevant states would be likely to adopt, the parties would be treated differently than they would be in a state court. . . . [15]

I further explained that plaintiffs would not be prejudiced by the removal of their cases to federal court, and that they were being afforded "the *same treatment* [they] would receive in state court—*no more, and no less.*"[16] Thus, all that was meant by the phrase "liberal construction of state law" was that the Court would interpret state law the *same* way—rather than more restrictively than—the relevant state supreme court would.

### B. The Requirements for Certification Have Not Been Met

#### 1. Collective Liability Rulings

■ Defendants contend that the Order should be certified because the Court's collective liability rulings are at odds with decisions made by other courts that have rejected collective liability theories.[17] While the issues presented to this Court

dressed a question of first impression and reached a different conclusion than the cases upon which defendant relied in arguing for summary judgment).

10. *See id.*

11. *Moll v. U.S. Life Title Ins. Co.*, Nos. 85 Civ. 6866, 86 Civ. 4271, 1987 WL 10026, at *3 (S.D.N.Y. Apr. 21, 1987) (citing S.Rep. No. 2434, 85th Cong., 2d Sess. (1958), reprinted in 1958 U.S.C.C.A.N. 5255, 5257).

12. *Transport Workers Union of Am. v. NYC Transit Auth.*, 358 F.Supp.2d 347, 350

(S.D.N.Y.2005) (quoting *In re Oxford Health Plans, Inc.*, 182 F.R.D. 51 (S.D.N.Y.1998)).

13. Memorandum of Law in Support of Certain Defendants' Motion to Certify the Court's April 20, 2005 Order for Interlocutory Appeal ("Def. Mem.") at 7.

14. *See In re MTBE*, 379 F.Supp.2d at 361–64.

15. *Id.* at 364–65 (emphasis added).

16. *Id.* (emphasis added).

17. *See* Def. Mem. at 10–20.

raised questions of first impression in many states, I relied on substantial state case law, state statutes, and the Restatement of Torts in determining that plaintiffs' claims may proceed.[18] The arguments and authorities cited in defendants' briefs were thoroughly considered and found to be inapposite.[19] "[A] party that offers only arguments rejected on the initial motion does not meet the second requirement of § 1292(b)."[20] Therefore, defendants have failed to show that there is substantial doubt regarding the correctness of the Court's collective liability rulings sufficient to justify interlocutory appeal.

Furthermore, defendants have not demonstrated that interlocutory appeal would materially advance the ultimate termination of the litigation. These cases are in the midst of intensive discovery, and plaintiffs continue to seek individualized proof of product identification through product tracing. If plaintiffs discover such evidence, they will, where feasible, pursue the actual tortfeasors, rather than rely on theories of collective liability.[21] Thus, even if the Court's Order were reversed, the litigation would not terminate because plaintiffs would proceed on traditional causation theories. Defendants have thus failed to meet the third requirement for 1292(b) certification.

### 2. Fraud Rulings

■ Defendants also argue that this Court should certify the Order for appeal because rulings regarding causes of action sounding in fraud in the Connecticut and Iowa cases present a substantial ground for difference of opinion.[22] However, these rulings do not provide a basis for 1292(b) certification because they do not constitute controlling issues of law, and an appeal would not advance the ultimate termination of the litigation. Plaintiffs assert numerous causes of action against defendants other than the fraud claims. Moreover, the fraud rulings only apply to cases filed in two out of the fifteen states addressed in the Order. Therefore, reversal would not result in the dismissal of the actions, would not significantly affect the conduct of the actions, and would not have precedential value for other cases in this multi-district litigation.[23] In addition, dismissal of the fraud claims would neither advance the time for trial nor shorten the time required for trial.

The requirements of section 1292(b) have not been met. Accordingly, defendants' motion for certification to pursue interlocutory appeal is denied.

## IV. CONCLUSION

For the reasons set forth above, defendants' motion for 1292(b) certification is denied. The Clerk of the Court is directed

18. *See In re MTBE,* 379 F.Supp.2d at 379–80.

19. *See id.* (explaining that cases that addressed collective liability in the context of non-fungible goods, such as asbestos and handguns, were less persuasive than those involving fungible goods).

20. *Ralph Oldsmobile,* 2001 WL 55729, at *4 (offering cases that the court had already deemed distinguishable and unpersuasive did not establish a substantial ground for a difference of opinion). *Accord Moll,* 1987 WL 10026, at *3 (finding no substantial difference

of opinion where movant merely reargued points already weighed by the court in its initial decision).

21. *See In re MTBE,* 2005 WL 906322, at 370–71.

22. *See* Def. Mem. at 22–23.

23. *See Primavera Familienstifung,* 139 F.Supp.2d at 570 (identifying considerations for determining whether a controlling question of law exists).

to close this motion. A conference is scheduled for September 9, 2005, at 10:00 a.m.

SO ORDERED.